# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

**TERRENCE A. MCARTHUR,**

    **Petitioner,**

v.　　　　　　　　　　　　　　　　　　　　**Case No.: 2:20-cv-00204**

**SHELBY SEARLS, Superintendent,**
**Huttonsville Correctional Center,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 2), and Respondent's Motion to Dismiss. (ECF No. 14). This case is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). After thorough consideration of the record, the undersigned **RECOMMENDS** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss, (ECF No. 14); **DENY, without prejudice**, Petitioner's § 2254 Petition for a Writ of Habeas Corpus, (ECF No. 2); and **DISMISS** and **REMOVE** this case from the docket of the Court.

## I.　Facts and Procedural History

### A.　Conviction

On October 25, 2019, McArthur entered into a plea agreement and pled guilty in

the Circuit Court of Kanawha County, West Virginia ("the state court") to a felony charge of burglary by way of breaking and entering and a misdemeanor charge of stalking. (ECF Nos. 14-1, 14-2). On the same date, the state court sentenced McArthur to consecutive terms of one to 15 years of incarceration on the felony conviction and six months of incarceration on the misdemeanor conviction, less credit for time served. (ECF No. 14-3). McArthur filed a motion for reconsideration, but he did not file a direct appeal. (ECF Nos. 2 at 2; 14-4 at 2-3, 15 at 2).

### B. State Habeas Petition

On February 18, 2020, McArthur filed a petition for a writ of habeas corpus in the state court. (ECF No. 14-4). He asserted only one ground: ineffective assistance of trial counsel in his state proceeding. (*Id.* at 5). McArthur argued that his legal representation was deficient because his attorney allowed him to plead guilty despite the following factors:

1. There was insufficient evidence to sustain the burglary conviction. (*Id.*).

2. McArthur was not tried on the indictment within the time frame required in W. Va. Code 62-3-21, which provided that the case must be dismissed if not discharged within three regular court terms. (*Id.*).

3. The indictment was defective. (*Id.* at 6).

4. McArthur did not have the opportunity to testify during his preliminary hearing, and the court heard only the victim's version of events. (*Id.*).

5. McArthur's due process rights were violated when he was arrested on August 24, 2018 and did not appear before a magistrate for six days. (*Id.*).

6. McArthur was never arraigned and did not enter a plea to the charge. (*Id.*). The court entered a false order stating that McArthur was arraigned on the charges. (*Id.*).

7. McArthur's Eighth Amendment right against excessive bail was violated when he was released on a $500.00 bond, but the court set a $100,000.00 bond

upon his arrest on the indictment. (*Id.* at 7).

On June 23, 2020, the state court entered an Order setting a briefing schedule, appointing McArthur counsel, and setting an omnibus hearing regarding the habeas petition to take place on November 12, 2020. (ECF No. 14-5).

### *C. Federal Habeas Petition*

On March 19, 2020, McArthur filed the instant § 2254 petition, challenging his state court conviction on the following seven grounds:

1. McArthur's Eighth Amendment right against excessive bail was violated during the underlying state proceedings. (ECF No. 2 at 5). The state court revoked his $500.00 bond and imposed a $100,000.00 bond. (*Id.*).

2. McArthur was not permitted to testify during his preliminary hearing in state court, although he did not waive his right to testify on his own behalf, and the court only heard from the victim. (*Id.* at 7).

3. There was undue delay between McArthur's arrest on August 24, 2018 and his first appearance on the indictment on August 30, 2018, although he should have appeared in court within 72 hours of his arrest. (*Id.*).

4. McArthur never arraigned and never entered a plea to the charges, although an order was entered stating that he pleaded not guilty. (*Id.* at 8).

5. McArthur's speedy trial rights were violated because he was indicted "in the May term of 2018," but his trial was not set until the "September term of 2019," which was four full court terms, excluding the initial term in which he was indicted. (*Id.*). State rules provide that the trial must occur within three full state court terms. (*Id.*).

6. McArthur was arrested without a warrant or probable cause. (*Id.* at 8-9).

7. The indictment was not a true bill because there was no certified seal, stamp of approval, or "signatures for approval." (*Id.* at 10).

On July 13, 2020, Respondent filed a Motion to Dismiss McArthur's federal petition, arguing that McArthur had failed to exhaust any of the grounds raised in the petition, as required by § 2254(b)(1)(A). (ECF Nos. 14, 15). On August 14, 2020,

McArthur filed a notice of change of address and a motion for reconsideration of the Court's order denying him counsel. (ECF No. 17). Three days later, the undersigned entered an Order denying the motion to reconsider and providing McArthur until October 14, 2020 in which to file a memorandum in opposition to Respondent's Motion to Dismiss. (ECF No. 18). Although the Order was sent to the address provided by McArthur, it was returned to the Clerk's office as undeliverable and unable to be forwarded. (ECF No. 19). Since providing his change of address, McArthur has not made any effort to contact the Court and has not provided a new forwarding address. In addition, he failed to file any response to Respondent's Motion to Dismiss, and the time allotted has expired.

## II. <u>Standards of Review</u>

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in State custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When determining the merits of a § 2254 petition, the district court applies the standard set forth in § 2254(d), which provides that the habeas petition of a person in State custody "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim" is:

> (1) contrary to, or involves an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

4

28 U.S.C. § 2254(d)(1)–(2). Moreover, the factual determinations made by the state court are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Thus, when reviewing a petition for habeas relief, the federal court uses a "highly deferential lens." *DeCastro v. Branker*, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." *Thomas v. Davis*, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have separate and independent meanings. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." *Lewis v. Wheeler*, 609 F.3d 291, 300 (4th Cir. 2010) (quoting *Williams*, 529 U.S. at 405) (internal quotations omitted). The district court may grant a habeas writ under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." *Id.* at 300–01 (internal marks omitted). Accordingly, the AEDPA limits the federal habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision. A federal court may not issue a writ under this standard "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 365.

Here, Respondent filed a motion to dismiss, presumably under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14). When deciding a motion under Rule 12(b)(6), the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nevertheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a Rule 12(b)(6) motion to dismiss in a section 2254 case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, when resolving the motion, the court may consider "matters of public record," including documents from prior or pending court proceedings, without converting the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *Id.*

### III.  Discussion

Before a state prisoner can bring a § 2254 petition in federal court, the prisoner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity." *Preiser v. Rodriguez*, 411 U.S. 475, 491, (1973). In order to comply with the exhaustion requirement, a petitioner must have offered the

state an adequate "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation omitted). While it is unnecessary to cite "book and verse on the federal constitution," the petitioner must first present the "substance of a federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). Thus, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (internal citations omitted). In West Virginia, prisoners may exhaust their available state court remedies either by presenting cognizable federal constitutional claims in a direct appeal to the Supreme Court of Appeals of West Virginia (SCAWV), or by pursuing such claims in a petition for a writ of habeas corpus in a state circuit court under West Virginia Code § 53-4A-1 and appealing any adverse ruling by filing a petition in the SCAWV. *See Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D.W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. 1544, 1545-46 (S.D.W. Va. 1986).

In this case, the undersigned **FINDS** that, at the time McArthur filed his federal habeas petition, none of the claims raised in the petition had been exhausted. Indeed, because the state habeas petition had only been pending for a month at the time McArthur filed his federal petition, there was not enough time for the state court to take any substantive action. McArthur did not file a response in opposition to Respondent's motion to dismiss his petition for lack of exhaustion, and he offers no argument or evidence to indicate that he has exhausted his state remedies, or that the exhaustion requirement should be waived. Until McArthur exhausts his state remedies regarding the claims that he wishes to raise under § 2254, the petition is premature in this court.

In general, a district court may not review a federal habeas petition unless there has been "total exhaustion" by the state courts of the presenting claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Therefore, when a petitioner fails to exhaust state court remedies, his federal habeas petition typically is dismissed. *See Preiser,* 411 U.S. at 477. The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs state prisoners' ability to raise claims in federal habeas review, contains a one-year statute of limitations within which a state prisoner may file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. Section 2244(d)(2) clarifies that the running of the one-year period is suspended for any time that a "properly filed" state post-conviction proceeding "is pending." *Id.* § 2244(d)(2). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has construed a state post-conviction proceeding to include all state court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). Upon final disposition of the state post-

conviction proceeding, "the running of the § 2244(d) one-year period resumes." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000).

McArthur was sentenced on October 29, 2019. (ECF No. 14-3). He had four months under state law to perfect an appeal in the SCAWV. However, he did not file a direct appeal. Thus, absent any tolling for a motion for reconsideration, his judgment would have become final four months after he was sentenced. *Riley v. Vest*, No. 5:17-CV-02367, 2018 WL 616160, at *3 (S.D.W. Va. Jan. 5, 2018), *report and recommendation adopted,* 2018 WL 606208 (S.D.W. Va. Jan. 29, 2018). Before that period expired, McArthur filed his state habeas petition on February 18, 2020, which tolled the AEDPA limitations period. In summary, McArthur should have ample time to refile his habeas petition in federal court following exhaustion of his state court remedies. Accordingly, the undersigned **FINDS** that McArthur's petition should be dismissed, **without prejudice,** due to his failure to exhaust his claims in state court.

### IV.   Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows:

1. Respondent's Motion to Dismiss, (ECF No. 14), be **GRANTED**;

2. That this action be **DISMISSED, without prejudice**, and **REMOVED** from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, The parties shall have fourteen days (filing of objections) and three days (if received by mail)

9

from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Copenhaver, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** October 15, 2020

_____
Cheryl A. Eifert
United States Magistrate Judge